**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1080
_____

IN RE: FELIX CRUZ,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court for the District of the Virgin Islands
(Related to D.V.I. Crim. No. 1:04-cr-00105-004)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 2, 2023
Before:  CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 11, 2023)
_____

OPINION[*]
_____

PER CURIAM

On January 4, 2023, Petitioner Felix Cruz filed a pro se petition for a writ of

mandamus asking this Court to order the District Court to act on his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his sentence, and other pending motions.  By order

entered March 8, 2023, a Magistrate Judge ruled on Cruz's miscellaneous motions, and

on July 18, 2023, the District Court granted in part and denied in part his § 2255 motion.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In light of these actions, Cruz's mandamus petition no longer presents a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").